## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

Case No. 13-CV-03078-VEB

DAVID ORTEGA,

                  Plaintiff,              DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                  Defendant.

## I. INTRODUCTION

In July of 2009, Plaintiff Daniel Ortega applied for Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, represented by D. James Tree, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On April 2, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 23).


## II. BACKGROUND

The procedural history may be summarized as follows:

On July 29, 2009, Plaintiff applied for SSI benefits, alleging disability beginning May 28, 2007. (T at 21, 141-45).[1]  The application was denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On August 2, 2011, a hearing was held before ALJ James Sherry. (T at 37).  Plaintiff appeared with an attorney and testified. (T at 42-62). The ALJ also received testimony from Thomas Polsin, a vocational expert. (T at 62-70).

On November 3, 2011, the ALJ issued a written decision denying the application for benefits and finding that Plaintiff was not disabled within the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 13.

meaning of the Social Security Act. (T at 18-36). The ALJ's decision became the Commissioner's final decision on May 31, 2013, when the Social Security Appeals Council denied Plaintiff's request for review. (T at 1-8).

On July 29, 2013, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on December 6, 2013. (Docket No. 12).

Plaintiff filed a motion for summary judgment on February 18, 2014. (Docket No. 21). The Commissioner moved for summary judgment on March 31, 2014. (Docket No. 22). Plaintiff filed a reply memorandum of law on April 15, 2014. (Docket No. 24). As noted above, the parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 7).

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is closed.

# III. DISCUSSION

## A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the

Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 29, 2009, the application date. (T at 23). The ALJ determined that Plaintiff's thoracic and lumbar degenerative disc disease; polyarthralgias, myofascial pain, AC joint degenerative joint disease, lumbalgia/sacroiliac dysfunction,

obstructive sleep apnea, and left knee torn meniscus were "severe" impairments under the Act. (Tr. 23-24).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 24-25). The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), except that he could never climb ladders, ropes or scaffolds; occasionally climb ramps or stairs, balance, stoop, crouch, kneel, or crawl; occasionally reach overhead with his right, upper extremity; and must avoid concentrated exposure to extreme cold, excessive vibration, unprotected heights, and moving machinery; and cannot drive commercially. (T at 25-29).

The ALJ found that Plaintiff could not perform his past relevant work as a window installer, material handler, or construction laborer. (T at 29). However, considering Plaintiff's age (52 years old on the application date), education (limited), work experience (unskilled), and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 29-30). As such, the ALJ concluded that Plaintiff had not been disabled, as defined under the Act, from July 29, 2009 (the application date), through November 3, 2011 (the date of the ALJ's decision) and was therefore not

entitled to benefits. (Tr. 30-31).  As noted above, the ALJ's decision became the Commissioner's final decision on May 31, 2013, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-8).

## D.    Plaintiff's Arguments

Plaintiff contends that the Commissioner's decision should be reversed.  He offers three (3) main arguments in support of this position.  First, Plaintiff challenges the ALJ's assessment of the medical evidence and, in particular, opinions provided by treating medical providers.  Second, Plaintiff contends that the ALJ improperly discounted his credibility.  Third, Plaintiff argues that the ALJ's step five analysis was flawed.  This Court will address both arguments in turn.

### 1.    Assessment of Medical Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons

that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

In June of 2010, Dr. Adam Hoverman, a treating physician, completed a medical report, in which he diagnosed Plaintiff with complex regional pain syndrome, back pain with radiculopathy, and polyarthralgas (joint pain). (T at 330). Dr. Hoverman noted that Plaintiff said he needed to lie down for at least 20 minutes at least once a day to address episodes of back pain. (T at 330).  He opined that working on a regular and continuous basis would probably cause Plaintiff's condition to deteriorate. (T at 331).  Dr. Hoverman concluded that Plaintiff would likely miss 4 or more days of work per month. (T at 331).

In November of 2010, Dr. Phillip Mendoza, another one of Plaintiff's treating physicians, completed a functional assessment checklist, wherein he opined that Plaintiff was limited to standing for 2 hours in an 8-hour work day, sitting for 2 hours in an 8-hour work day, lifting 10 pounds occasionally and 5 pounds frequently. (T at 520).  Dr. Mendoza concluded that Plaintiff would need to change positions every 10 -15 minutes. (T at 521).

In May of 2011, Michelle Gaul, a treating nurse practitioner, diagnosed lumbar issues, joint dysfunction, and a tear of the medial meniscus. (T at 749).  She opined that Plaintiff's pain would be aggravated by regular and continuous work. (T

DECISION AND ORDER – ORTEGA v COLVIN 13-CV-03078-VEB

at 750).  Ms. Gaul concluded that Plaintiff would be likely to miss 4 or more days per month of work and opined that he was severely limited with regard to exertional abilities. (T at 750).

The ALJ afforded little weight to these assessments. (T at 27-29).  The ALJ found that the treating providers' opinions were conclusory and contradicted by other evidence in the record (i.e. MRI findings, clinical notes, State Agency review physician assessments, and Plaintiff's activities of daily living).  This Court finds that the ALJ's decision was consistent with applicable law and supported by substantial evidence.

The ALJ reasonably relied upon the opinions of State Agency review physicians. *See Henderson v. Astrue*, 634 F. Supp. 2d 1182, 1190 (E.D.W.A. 2009)("The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it.")(citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). In particular, the ALJ gave "significant weight" to a physical residual functional capacity assessment completed by Dr. Charles Wolfe and affirmed by Dr. Howard Platter. (T at 29).  Dr. Wolfe concluded that Plaintiff could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand/walk for about 6 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday. (T at 311).  Dr. Platter affirmed Dr.

DECISION AND ORDER – ORTEGA v COLVIN 13-CV-03078-VEB

Wolfe's findings, opined that Plaintiff could perform light work, and concluded that Plaintiff was "likely able to do more." (T at 325).

Plaintiff points out (correctly) that the opinion of a non-examining physician cannot, without more, constitute substantial evidence sufficient to justify the rejection of a treating physician's opinion. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). However, such an opinion, combined with laboratory test results, conflicting medical record evidence, and contrary testimony from the claimant, does constitute substantial evidence sufficient to sustain the ALJ's decision to discount the treating physician's opinion. *See Magallanes v. Bowen,* 881 F.2d 747, 751-55 (9th Cir. 1989); *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).

Here, the treating providers' opinions were conclusory and not supported by references to clinical findings or the medical record. The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). For example, Dr. Hoverman cited an MRI as support for his assessment of disabling limitations. (T at 330). However, the MRI showed "some mild changes, but nothing that overtly suggest[ed] serious problems . . . ." (T at 444).

Given the lack of support in the medical records, it appears the treating providers based their opinions largely on Plaintiff's subjective complaints, which the ALJ reasonably found to be less than credible. *See Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009)(finding that ALJ acted within discretion by discounting a physician's opinion predicated on subjective complaints found to be less than credible). Dr. Mendoza indicated that his assessment was not based on a review of medical records or physical evaluation. (T at 521).  Dr. Hoverman also based his findings, in part, on the fact that Plaintiff needed ambulatory assistance. (T at 330).  However, other treating providers questioned whether Plaintiff actually needed a wheelchair and Plaintiff was observed to ambulate without much difficulty when he did not know he was being observed. (T at 841, 870).

In addition, there were numerous reports from other treating providers of suspected malingering, lack of effort during testing, and symptom exaggeration, which provides a further justification for the ALJ's decision to discount treating provider opinions based primarily upon Plaintiff's subjective complaints.  In July of 2009, Cheryl Bourgault, a treating physician's assistant, performed strength testing of the lower extremities, but did not feel Plaintiff "was putting in his full effort." (T at 260).  In March of 2011, Dr. Andrea Young, an examining physician, noted that Plaintiff's strength was "limited due to effort." (T at 370).  In June of 2011, Dr.

Daniel Kwon, another treating physician, described Plaintiff as presenting with "very exaggerated symptomatology." (T at 785). In July of 2011, Nicholas Bregante, a treating physician's assistant, reported that Plaintiff had "episodes of what look like exaggerated muscle spasms . . . ." (T at 841). During the same month, Dr. April Briggs, yet another treating physician, questioned whether Plaintiff was malingering in an effort to obtain disability benefits. (T at 845). In September of 2011, Plaintiff arrived for a visit with Ms. Bregante in a wheelchair, but was observed (without his knowledge) leaving the visit ambulating and pushing his wheelchair without much difficulty. (T at 870). Ms. Bregante found Plaintiff's presentation "[h]ighly suspicious for malingering" with "affected" spasms that were "not an organic occurrence." (T at 870).

Plaintiff's daily activities also contradicted the findings of disabling limitations. Plaintiff claimed he could "barely walk" (T at 56), but was reported to be performing household chores, including "frequent" wood chopping and lawn mowing. (T at 295-96, 580). Plaintiff indicated that he could "barely drive," which was contradicted by evidence that he was the primary source of his transportation for his wife (who is visually impaired). (T at 369. 371).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402

U.S. at 400.  If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's finding was supported by substantial evidence and should be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

### 2.        Credibility Analysis

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible

and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, the ALJ concluded that Plaintiff's impairments could reasonably be expected to cause some of the alleged symptoms, but found that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent alleged. (T at 25). The ALJ's assessment was consistent with applicable law and supported by substantial evidence.

As discussed above, a number of treating providers questioned whether Plaintiff was malingering, failed to give maximum effort during testing, and/or was exaggerating his symptoms. (T at 27, 260, 370, 417, 831, 841, 845, 870). Failure "to give maximum or consistent effort" during medical evaluations is "compelling" evidence that the claimant is not credible. *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Dr. Hoverman noted that Plaintiff had not worked since getting married in 2001, which pre-dated the onset of his current symptoms (and the alleged onset date) by several years. (T at 331).   The fact that a claimant stopped working for reasons other than the alleged impairments is one of a number of valid reasons for the ALJ to discount the claimant's credibility. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

In addition, the objective medical findings provide a further justification for the ALJ's decision to discount Plaintiff's credibility.   Dr. Kwon, a treating physician, noted that the results of Plaintiff's MRI and EMG studies were "normal" and "mild" and did not "overtly suggest[] serious problems." (T at 444).   On examination, Plaintiff was observed to walk "very well," with "slightly decreased" range of motion in his back and "mild tenderness" in the lumbar region. (T at 56, 260).   Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Subjective complaints contradicted by medical records and by daily activities are properly considered. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Case 2:13-cv-03078-VEB    Document 25    Filed 05/27/14

Where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

**3.        Step Five Analysis**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995).

The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*,

815 F.2d 1275, 1279 (9th Cir.1987).  "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

In this case, Thomas Polsin, a vocational expert, testified at the administrative hearing.  During the hearing, the ALJ asked Mr. Polsin to assume a hypothetical claimant with the limitations set forth in his RFC determination. (T at 64).  The vocational expert opined that Plaintiff could perform jobs that exist in significant numbers in the national economy and identified three such jobs, small parts assembler, mailing clerk, and storage rental clerk. (T at 65).  The vocational expert testified that these positions would not be precluded even if Plaintiff needed to use a cane whenever standing or ambulating. (T at 66-67).

Plaintiff argues that the ALJ's hypothetical was flawed because it did not incorporate limitations identified by Dr. Hoverman, Dr. Mendoza, and Ms. Gaul (i.e. that finding Plaintiff would likely miss 4 days of work per month and the opinion that he could not sustain employment on a full-time basis).  However, the ALJ was not obliged to accept as true limitations alleged by Plaintiff and was within his discretion to decline to include such limitations in the vocational expert's hypothetical if he concluded that they were not supported by sufficient evidence. *See*

DECISION AND ORDER – ORTEGA v COLVIN 13-CV-03078-VEB

*Martinez v. Heckler*, 807 F.2d 771 (9th Cir. 1986); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  For the reasons outlined above, the ALJ's RFC determination was supported by substantial evidence.  Thus, the step five analysis, which included vocational expert testimony incorporating the RFC determination, was legally sufficient and must be sustained.


## IV. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

# V. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 21**, is **DENIED.**

The Commissioner's motion for summary judgment, **Docket No. 22**, is **GRANTED**.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of the Commissioner, and close this case.

DATED this 27th day of May, 2014.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – ORTEGA v COLVIN 13-CV-03078-VEB